Negroni Cintrón, Juez Ponente
*927 TEXTO COMPLETO DE LA RESOLUCION
El 25 de mayo de 1995 los peticionarios Gerardo Pino Sánchez, María Teresa Betancourt y la Sociedad Legal de Gananciales integrada por éstos presentaron ante nos un recurso de certiorari para que revisáramos una resolución emitida el 4 de mayo de 1995 y notificada el 8 de mayo de 1995, por el Tribunal de Primera Instancia, Sala Superior de San Juan en el caso de epígrafe, mediante la cual autorizó al recurrido David Dávila Recio a embargar bienes muebles e inmuebles pertenecientes a los peticionarios hasta la suma acumulada de $36,400.00, más las costas y gastos del embargo, sin la prestación de fianza, por haber concluido dicho foro que la deuda era legalmente exigible y surgía de. una resolución final y firme. (Apéndice, pág. 3).
Inconforme con este dictamen, los peticionarios nos solicitan que revoquemos la resolución recurrida aduciendo, en síntesis, que el Tribunal de Instancia erró al ordenar la ejecución de una resolución interlocutoria mediante embargo de bienes que no era final y firme, sin escuchar a los peticionarios y sin la previa presentación de una fianza.
Este Tribunal le concedió a Dávila Recio término para expresarse en tomo a la procedencia del embargo sin la previa prestación de fianza, lo que hizo oportunamente. Estando por ello en condiciones de hacerlo, procedemos a resolver el recurso incoado.
I
Para entender cabálmente lo que resolvemos es necesario exponer el trámite pertinente ante el Tribunal de Instancia que culminó-con la orden recurrida.
Aduciendo, esencialmente, que Dávila Recio había incumplido con ciertas alegadas condiciones convenidas en un contrato de dos años que éste y los peticionarios habían otorgado por escrito denominado Contrato de Opción de Compra y Autorización de Uso de Terreno, los peticionarios instaron una acción procurando que éste cumpliera lo pactado. Dávila Recio contestó la demanda y trabó la controversia alegando, en esencia, que no estaba obligado a cumplir lo pactado porque, entre otras razones, el término del contrato había vencido. Reconvino, a su vez, reclamando que los peticionarios desalojaran el inmueble que ocupaban; que devolvieran el inmueble en la condición en que lo recibieron; lo compensaran por los daños y perjuicios que hubiera sufrido y que los peticionarios le satisfacieran una renta razonable por el disfrute del inmueble, a partir de la fecha del vencimiento del contrato hasta que desalojaran la propiedad.
Posteriormente y pendiente de resolución una moción de sentencia sumaria presentada por Dávila Recio y a solicitud de éste, el Tribunal de Instancia celebró una vista para determinar interlocutoriamente la renta que los peticionarios debían satisfacerle al primero por el uso del inmueble que ocupaban, en lo que se resolvía el pleito. El 17 de diciembre de 1993 el Tribunal a quo emitió una Resolución interlocutoria (Apéndice, pág. 38), en la que en lo pertinente dispuso lo siguiente:

*928
"Hay controversia entre las partes respecto a la fecha de expiración del contrato la cual resolveremos una vez se conteste la Moción de Sentencia Sumaria.

El Tribunal entiende'que a -partir del 8 de diciembre de 1991, la parte demandante [los peticionarios] ha estado ocupando la propiedad a costa de la parte demandada sin pagar canon o merced de clase alguna, lo cual constituye un enriquecimiento injusto de su parte.

El vencimiento del contrato de opción, si el 8 de diciembre de 1991 o después, no es óbice para que se fije un canon por el uso de la propiedad, pues dicha, determinación es relevante respecto al contrato de opción.

Considerando la prueba pericial presentada por la parte demandada, el Tribunal fija una renta mensual de $1,300.00 por el uso de la propiedad, retroactiva al 1ro. de enero de 1992 y hasta que se resuelva el caso." (Enfasis nuestro)
Después de emitir la anterior Resolución y hasta el 4 de mayo de 1995, fecha en que dictó la que es objeto del presente recurso, -el Tribunal a quo emitió un.total de,.seis..resoluciones y órdenes adicionales sobre el mismo asunto, un poco inconsistentes entre sí. Veamos.
El 19 de abril de 1994 y a instancias de parte el Tribunal de Instancia revisó la resolución del 17 de diciembre de 1993 y dictó otra Resolución y Orden en la que enfatizó el carácter provisional de esta última al disponer lo siguiente:
"El día 17 de diciembre de 1993 emitimos una Resolución interlocutoria, que tiene el carácter de un remedio provisional en virtud de la cual se le impuso a la parte Demandante el pago de una renta mensual de $1,300.00 por el uso de la propiedad, retroactiva al 1ro. de enero de 1992 y hasta que se resuelva el caso.
Por consiguiente, la fecha que■ se tomó como punto de partida, para computar los cánones de arrendamiento, el 8 de diciembre de 1991, no es final, está sujeta a cambios dependiendo del resultado del pleito. Sin embargo, hay base en el propio contrato para adoptarla como una con probabilidades de ser la correcta. "(Enfasis nuestro)
No obstante estas expresiones, Dávila Recio solicitó la ejecución de la Resolución alegando que era final y firme y que por ser ejecutable no requería la prestación de fianza. Los peticionarios se opusieron oportunamente y solicitaron que de concederse la ejecución, se ordenase a Dávila Recio prestar una fianza igual a dos y medio veces la suma a embargarse. El Tribunal de Instancia emitió, entonces, una Resolución disponiendo que Dávila Recio debía prestar una fianza por el doble de la suma que interesaba embargar. Este solicitó la reconsideración de esta orden y el Tribunal redujo la fianza y dispuso que prestara una fianza igual al monto de la renta adeudada. (Apéndice, págs. 2 y 3).
El 20 de diciembre de 1994 Dávila Recio solicitó una orden para que se cumpliera con la Resolución del 17 de diciembre de 1993, por lo que el 15 de febrero de 1995 el Tribunal accedió, pero eximió a Dávila Recio de la prestación de la fianza que con anterioridad le había requerido.
El 17 de marzo de 1995 y movido por unos escritos presentados por las partes que es innecesario detallar aquí, el Tribunal se reiteró en su Orden del 15 de febrero de 1995, pero la modificó para imponerle a Dávila Recio la obligación de prestar una fianza por el monto de las rentas adeudadas hasta la ejecución de la orden, más costas y gastos del embargo, según había dispuesto previamente. (Apéndice, págs. 2 y 3).
Ante la oposición de Dávila Recio, el Tribunal de Instancia varió nuevamente su posición y emitió la resolución de la que se recurre ante nos, eximiendo otra vez a éste de la prestación de fianza, en los siguientes términos:

"Examinados nuevamente todos los escritos de las partes, en torno al incidente relacionado con la solicitud de ejecución de la Resolución del 17 de diciembre de 1993, el Tribunal dispone como sigue:

*929
"(a) Se deja sin efecto la Resolución del 17 de febrero de 1995. 

(b)Se declara SIN LUGAR la solicitud de ejecución de Resolución.

(c)Se declara y decreta que la parte demandada-reconveniente no viene obligada a prestar fianza para asegurar la ejecución de la Resolución del 17 de diciembre de 1993, por razón de que la deuda es legalmente exigible y surge de una resolución final y firme.

(d) Se restaura la Orden del 15 de febrero de 1995 autorizando el embargo de bienes muebles e inmuebles del demandado-reconvenidojsic] hasta la suma acumulada de $36,400.00, más las costas y gastos del embargo.

(e) La Secretaría del Tribunal expedirá el mandamiento correspondiente para la ejecución de la orden del 15 de febrero de 1995."

II
Examinemos el derecho aplicable a la solución de la controversia ante nos. Una resolución es un dictamen interlocutorio del tribunal donde se pone fin a un incidente aislado dentro de un pleito, pero antes de su decisión final. Rodríguez v. Tribunal Municipal, 74 D.P. R. 656 (1953). Los decretos de carácter temporero, provisional o interlocutorios cambian según varíen las circuntancias que lo justifiquen. No adquieren finalidad por su naturaleza temporera, siendo el único recurso disponible para su revisión el certiorari. Cf. Neftalí Rodríguez Amadeo v. Nydia Santiago Torres, Opinión del 29 de junio de 1993,_D.P.R._(1993), 93 J.T.S. 106. El término "sentencia...incluye cualquier determinación del Tribunal que resuelva finalmente la cuestión litigiosa..." Regla 43.1 de las de Procedimiento Civil, 32 L.P. R.A. Ap. III. Es final si resuelve los méritos de la controversia, o de los derechos de las partes, sin dejar nada para una futura determinación. Cortés Román v. E.L.A., 106 D.P.R. 505, 509 (1977).
Si el pleito incluye reclamaciones o partes múltiples, la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A Ap. III, permite que las reclamaciones puedan adjudicarse individualmente mediante sentencias parciales, al establecer lo siguiente:

"Cuando un pleito comprenda más de una reclamación, ya sea mediante una demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia... En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa cómo se denomine, que adjudique menos del total de las reclamaciones, no terminará el pleito con respecto a ninguna de las reclamaciones y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones."

Como se puede apreciar si antes de la disposición final del pleito ante su consideración, un tribunal estima que debe adjudicar una reclamación antes de disponer de otras reclamaciones incidentales dentro del proceso y quiere darle finalidad a este dictamen, está obligado a concluir expresamente que no existe razón para posponer tal dictamen y a su vez ordenar que se registre y se notifique el mismo. La omisión de consignar tan fundamental frase, acarrea consigo que el dictamen en cuestión nunca advenga final y firme. Sobre este particular el Tribunal Supremo de Puerto Rico ha sido consistente al sostener el carácter interlocutorio de los dictámenes que adolecen de estos requisitos contenidos en la Regla 43.5 de Procedimiento Civil, supra. Asociación de Propietarios v. Santa Bárbara Co., 112 D.P.R. 33, 36 (1982); Dumond v. Inmobiliaria Estado, Inc., 112 D.P.R. 406,415 (1982), los que son de estricto cumplimiento pues van dirigidos a evitar confusión e imprecisión en cuanto al momento en que comienza a contar el término apelativo o de revisión. Barrientos v. Gobierno de la Capital, 97 D.P.R. 553, 573 (1969). De ahí su importancia medular.
Claro está, la Regla 43.5 de Procedimiento Civil, supra, no es de aplicación cuando la acción contenga una sola reclamación. Cortés Román v. E.L.A., supra; José A. Cuevas Segarra, Práctica *930 Procesal Puertorriqueña, Publicaciones J.T.S., 1979, Vol. II, pág. 232.
Recapitulando, es inmaterial el nombre con el que se designe el dictamen, lo que es determinante es (1) que en efecto se ponga fin a una reclamación cuando deban adjudicarse varias o a una reclamación en un pleito de una parte cuando intervengan partes múltiples; (2) que se consigne que no existe razón para posponer el dictamen del mismo y (3) que se ordene su registro y notificación.
ni
Al examinar la orden recurrida a la luz del derecho antes expuesto es evidente la naturaleza provisional de la misma y que carece de finalidad que impide que pueda ser ejecutada como si se tratara de una sentencia parcial final. Surge de los autos que el pleito de marras envuelve dos reclamaciones, la de la demanda y la de la reconvención. Ambas están íntimamente relacionadas entre sí debido a que el derecho y el remedio que cada parte reclama depende inexhorablemente de la interpretación final que realice el Tribunal de Instancia del contrato otorgado por las partes.
La resolución del 17 de febrero de 1993 que adjudica la obligación de los peticionarios de satisfacer los cánones de arrendamiento determinados por el tribunal y de la cual emana la obligación que Dávila Recio interesa ejecutar, no incluye la expresión requerida por la R.egla 43.5 de las de Procedimiento Civil, supra, en cuanto a "que no existe razón para posponer el dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito,..." y no ordena expresamente que se registre lo adjudicado como sentencia. En ausencia de la referida conclusión y orden requerida por la Regla 43.5, supra, es inescapable que ese pronunciamiento del Tribunal de Instancia constituye una resolución interlocutoria que nunca advino final, independientemente de que la resolución hubiese sido registrada y notificada como si fuera una sentencia parcial.
Siendo provisional la orden recurrida, si Dávila Recio interesa realizar un embargo sobre bienes de los peticionarios para garantizar su cumplimiento, debe tramitarla como un remedio provisional al tenor de lo dispuesto en la 56 de las de Procedimiento Civil, supra, previa prestación de fianza. La resolución del 13 de diciembre de 1993 emitida por el Tribunal a quo no es final y por su naturaleza está sujeta a sufrir modificaciones antes de la disposición final del pleito. Ciertamente no podía ser ejecutable por carecer de la finalidad requerida.
Inferimos de los autos que la estrecha relación entre las reclamaciones formuladas por ambas partes fue la que llevó al Tribunal de Instancia a disponer inicialmente que la fijación del canon de arrendamiento era provisional, pues expresamente aceptó la posibilidad de modificar el dictamen si se determinaba posteriormente que era otra la fecha de expiración del contrato y no la fecha que proponía Dávila Recio. Esta apreciación estuvo acertada.
Finalmente atendemos el señalamiento de los peticionarios en cuanto a que tienen derecho a que se celebre una vista antes de que se ordene el embargo según su interpretación de lo resuelto en Rivera Rodríguez v. Stowell Taylor, Opinión del 30 de junio de 1993,_D.P.R._, 93 J.T.S. 111. Este aspecto, sin embargo, no fue considerado por el Tribunal de Instancia, presumiblemente por haber resuelto que la resolución cuya ejecución interesaba Dávila Rivera era final y firme. Debido a ello estimamos innecesario expresarnos en esta etapa sobre el particular, pues a la luz de lo que hoy resolvemos ese aspecto debe ser promovido por los peticionarios en Instancia para que ese foro determine si para determinar la procedencia del embargo es necesario aplicar las normas adoptadas en Rivera Rodríguez v. Stowell Taylor, supra.
Por los fundamentos antes expuestos se expide el auto y se revoca la resolución del 4 de mayo de 1995 en lo que respecta a la orden en ella incluida que autoriza el embargo, sin fianza, de bienes muebles e inmuebles de los peticionarios en ejecución de la Resolución emitida el 17 de diciembre de 1993.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
*931 ESCOLIOS 95DTA236
1. En esta misma fecha los Peticionarios presentaron escrito titulado "Moción Urgente de Auxilio de Jurisdicción", el cual fue acogido y resuelto por esta Curia el 25 de mayo de 1995 paralizando los efectos de la Resolución emitida por el Tribunal de Primera Instancia, en lo que se estudiaban los méritos del recurso de certiorari instado.
2. No obra en autos Resolución alguna del 17 de febrero de 1995, sí una del 17 de febrero de 1993 por lo que debemos presumir que se refiere a ésta.